UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LIGHTHOUSE RANCH FOR BOYS, INC. | * | CIVIL ACTION NO. 2:22-cv-01988 |
| | * | |
| VERSUS | * | JUDGE LANCE M. AFRICK |
| | * | |
| SAFEPOINT INSURANCE COMPANY | * | MAGISTRATE MICHAEL NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * *

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM APPRAISAL AWARD, MOTION FOR PARTIAL SUMMARY JUDGMENT, AND MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes SafePoint Insurance Company ("SafePoint"), who respectfully submits this consolidated Supplemental Memorandum in Support of its Motion to Confirm Appraisal Award, Motion for Partial Summary Judgment, and Motion for Summary Judgment (Rec. Doc. 41, 42, and 44).

**I.   The appraisal provision in the SafePoint policy is valid and enforceable, and the appraisal award sets the amount of loss.**

As aptly noted by counsel in its opposition, the Policy at issue states:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party. Each party will:
> a.  Pay its chosen appraiser; and
> b.  Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

CP 01 16 10 12 (Page 2 of 5)

This was the Policy language used and incorporated in the demand for Appraisal, and in the Policy transmitted by Safepoint to plaintiff.[1] Defendant did not mislead plaintiff. Importantly, the correct Policy was provided to plaintiff and used as the basis for the matters pending before

---
[1] See Rec. Doc. 37-8.

this Court. The policy without the Louisiana amendment was inadvertently used in these filings due to a clerical error. However, plaintiff's reliance on this is nothing more than a red herring, and Defendant is entitled to a ruling that the Appraisal Award is enforceable, and that plaintiff's alleged extracontractual damages should be dismissed.

Pursuant to well-established Louisiana law, plaintiff can only oppose the appraisal award if he has evidence that the appraisers' honesty or integrity were suspect.[2] In the instant matter, <u>no such allegations have even been made</u>.

Louisiana Courts have consistently held that appraisal provisions in insurance policies are valid and enforceable.[3] Specifically, in *White v. State Farm Insurance Company,* it was the insured/plaintiff who demanded appraisal pursuant to her homeowner's policy.[4]  When State Farm did not respond, plaintiff filed a Rule to Show Cause why an Umpire should not be appointed pursuant to the policy of insurance. State Farm filed an Opposition and Exceptions of prematurity and improper use of summary proceedings. The trial court overruled the insurer's exceptions and granted the relief requested by plaintiff to proceed with appraisal and appoint an Umpire as provided in the policy and the appellate court affirmed.[5]

Louisiana law is clear that the challenging party to an appraisal award <u>must</u> produce evidence "that the appraiser's honesty or integrity is suspect."[6] In the instant matter, Plaintiff has

---

[2] *Dufrene,* 91 So.2d at 403; *St. Charles Parish Hosp. Serv. Dist. No. 1, supra.* at 154-55 (E.D. La. 2010) (citing *Carriage Court Condo. Owners Ass'n, Inc. v. State Farm Fire & Cas. Co.,* No. 07-7715, 2009 WL 1565937 (E.D.La. May 28, 2009); *Dawes v. Continental Ins. Co. of City of New York,* 1 F.Supp. 603, 605-06 (E.D.La.1932)).

[3] *See, e.g., Dufrene,* 91 So.3d 397, 400; *Newman v. Lexington Insurance Company, et al.,* 2007 WL 1063578 at 3 (E.D. La (2007); citing *Pa. Lumbermens Fire Ins. Co. v. Barfield*, 138 F.2d 365, 366-67 (5 Cir. 1943) (upholding appraisal provision in a fire insurance contract); *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co.*, No. 86-2267, 1988 U.S. Dist. LEXIS 3034, at 21 (E.D. La. Apr. 6, 1988) (Wicker, J.) ("[S]tipulations in insurance policies providing for an appraisal in case there is a disagreement as to the amount of the loss are clearly valid in Louisiana."); *Girard v. Atlantic Mutual Insurance Company,* 198 So.2d 444, 447 (La App. 4, 1967) (holding that suit was prematurely filed in view of plaintiff's refusal to comply with the appraisal provision of the policy.); and, *Hilltop Bowl, Inc. v. U.S. Fid. & Guar. Co.*, 259 F.Supp. 649, 650-51 (W.D. La. 1966) (finding appraisal provision valid where the policy did not contain a mandatory arbitration clause that could affect the jurisdiction of the court).

[4] 984 So.2d 243, 245-247 (La. App. 3 Cir. 2008).

[5] *Id.*

[6] *Dufrene v. Certain Interested Underwriters at Lloyd's of London Subscribing to Certificate No. 3051393,* 91 So.3d 397 (La.App. 5 Cir. 2012; *St. Charles Parish Hosp. Serv. Dist. No. 1, supra.* at 754-55 (E.D. La. 2010); citing *Carriage Court*

set forth no such evidence. To the contrary, plaintiff's primary challenge to confirming the appraisal award is that the policy contains language stating that the outcome of appraisal is not binding.[7] A review of the appraisal provision contained in the Standard Fire Policy and relevant legal authorities, however, reveals that plaintiff's argument is without merit. Although the appraisal award is not binding, since this Honorable Court is not divested of jurisdiction over this dispute, the fact remains that the appraisal award is enforceable where, as here, the appraisers performed their duties under the Policy.

In the matter at issue, the Appraisal Award was duly signed by the appraisers on December 14, 2022, and the total amount of damage determined.[8] SafePoint respectfully urges that the appraisal award in the instant matter is enforceable, as Louisiana law is clear that appraisal awards issued under an insurance policy are enforceable if the appraisers "have performed the duties required of them by the policy, which is the law between the contracting parties."[9] Louisiana law is further clear that contractually specified appraisal awards are presumed accurate and every reasonable intendment and presumption is in favor of an award of appraisers selected to determine the value of property lost.[10] Moreover, the burden of demonstrating that the appraisal award should not be confirmed should fall upon the party challenging it.[11] Specifically, the challenging party must produce evidence "that the appraiser's honesty or integrity is suspect."[12] The Appraisal

---

*Condo. Owners Ass'n, Inc. v. State Farm Fire & Cas. Co.,* No. 07-7715, 2009 WL 1565937, at *3 (E.D.La. May 28, 2009); *Dawes v. Continental Ins. Co. of City of New York,* 1 F.Supp. 603, 605-06 (E.D.La.1932).
[7] *See* Rec. Doc. 42.
[8] Appraisal Award, attached as Exhibit "A-3" to SafePoint' Motion to Confirm Appraisal Award.
[9] *Dufrene v. Certain Interested Underwriters at Lloyd's of London Subscribing to Certificate No.* 3051393, 9J So.3d 397 (La.App. 5 Cir. 2012); *St. Charles Parish Hosp. Serv. Dist. No. I,* at 754 *supra. See also Prien Props., LLC v. Allstate Ins. Co.,* No. 07-845, 2008 WL 1733591, at p. 2 (W.D.La. Apr. 14, 2008); *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co.,* 1988 WL 32938, at p. 8.
[10] *St. Charles Parish Hosp. Serv. Dist. No. I,* at 754 *supra.*
[11] *Dufrene, supra.* at 403; *St. Charles Parish Hosp. Serv. Dist. J, supra. See* La. Civ.Code. arts. 1983, 2045-46; *cf. Wooley v. Lucksinger,* 14 So.3d 311, 473 (La.App. 1 Cir. 2008); *Continental Eagle Corp. v. Tanner & Co. Ginning,* 663 So.2d 204, 206 (La.App. 3 Cir. 1995).
[12] *Dufrene,* at 403; *St. Charles Parish Hosp. Serv. Dist. No. J, supra.* at 154-55; citing *Carriage Court Condo. Owners Ass'n, Inc. v. State Farm Fire & Cas. Co.,* No. 07-7715, 2009 WL 1565937, at *3 (E.D.La. May 28, 2009); *Dawes v. Continental Ins. Co. of City of New York,* 1 F.Supp. 603, 605-06 (E.D.La.1932). (Emphasis added).

Award in this case complies with all Policy requirements and jurisprudential standards, and it should be enforced in this action as setting the amount of the loss at issue.

> II. **Plaintiff's reliance on the non-binding language of the SafePoint policy is misplaced.**

As noted above, Plaintiff suggests in its Opposition that the appraisal award is not enforceable because the SafePoint Policy includes a provision indicating that any outcome of appraisal will not be binding on either party.[13] Although the appraisal award is not binding pursuant to the Policy, the fact remains that the Appraisal Award is enforceable by this Court where, as here, the appraisers performed their duties under the policy.

In *Branch v. Springfield Fire & Marine Ins.*, the Louisiana Supreme Court long ago recognized the validity of an appraisal provision in a tornado policy.[14] The court specifically noted that such provisions are somewhat in derogation of the plaintiff's right to have his claim determined by the courts and therefore they are to be strictly construed.[15] After *Branch* was decided, La. R.S. 22:629 was enacted which prohibited provisions in insurance contracts that divest the courts of jurisdiction.[16] This statute, which has been re-designated as La. R.S. 22:868, now provides in pertinent part as follows:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
>
> (2) Depriving the courts of this state of the jurisdiction of action against the insurer.[17]

Notwithstanding this statute, Louisiana courts have continued to follow *Branch* and have generally found appraisal provisions in insurance policies to be enforceable.[18] In doing so, courts

---

[13] *See* Rec. Doc. 42.
[14] 4 So. 2d 806 (La. 1941).
[15] *Id*. at 809.
[16] *Green Project, Inc. v. Evanston Ins. Co.*, CV 07-7744, 2008 WL 11355074, at *1–2 (E.D. La. Oct. 8, 2008).
[17] La. R.S. 22:868.
[18] *Green Project, Inc.*, at *1–2 (citing *Girard v. Atlantic Mut. Ins. Co.*, 198 So. 2d 444 (La. App. 4th Cir. 1967).

have distinguished appraisal provisions from arbitration clauses when determining that the former is enforceable.[19]

With respect to enforceability, the Louisiana Supreme Court has specifically held such stipulations for an appraisal are valid, but that the estimation is not binding on the parties in the event the appraisers and umpire fail to discharge their duty of ascertaining the amount of the loss, as the appraisal is subject to scrutiny by the court.[20]

Further, it is also important to note that courts have repeatedly held that this appraisal provision would not divest this Honorable Court of jurisdiction.[21] Specifically, courts have held that there is no merit to the contention that the appraisal provision violates La. R.S. 22:868 by divesting the district court of jurisdiction over the underlying claims.[22] Courts have further held that appraisal awards are subject to judicial scrutiny if it appears that the appraisers did not perform their duties under the policy.[23]

Louisiana law is clear that appraisal provisions are distinct from arbitration agreements, which divest the courts of jurisdiction.[24] An appraisal is an informal process that does not involve the procedural requirements of a court proceeding. When the parties conduct an appraisal, "[n]o formal trial is contemplated. It is not a common law arbitration. No judge is to instruct [the appraisers]. The whole purpose of the appraisal is to escape the delay and cost and technicality of court procedure."[25]

---

[19] *Id.*
[20] 198 So.2d 444 (La.App. 4 Cir. 1967).
[21] *Dufrene*, 400 *supra*; *See also Fourchon Docks*, 1988 U.S. Dist. LEXIS 3034, at *21 (citing *Branch v. Springfield Fire & Marine Ins. Co.*, 4 So.2d 806, 809 (La. 1941); *Newman*, 2007 WL 1063578, at *3; *Sevier v. U.S.F. & G.*, 485 So.2d 132, 135 (La. App. 2 Cir. 1986); *Girard v. Atl. Mut. Ins. Co.*, 198 So.2d 444, 447 (La. App. 4 Cir. 1967)).
[22] *Dore v. Shelter Mut. Ins. Co.*, 2013-0545 (La.App. 1 Cir. 11/1/13), 2013 WL 5915141 (emphasis added).
[23] *Id.* citing *Branch,* 198 La. at 727, 4 So.2d at 809; *Sevier,* 485 So.2d at 136; *Girard,* 198 So.2d at 447.
[24] *Dore, supra*, citing *Dufrene*, 91 So.3d at 400; *Sevier,* 485 So.2d at 136; *Girard,* 198 So.2d at 447.
[25] *Penn Lumbermens Mut. Fire Ins. Co. of Philadelphia, PA v. Barfield*, 138 F.2d 365, 366 (5 Cir. 1943) (citations omitted); *Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1061-62 (5Cir. 1990); *St. Charles Parish Hosp. Service Dist. No. 1 v. United Fire and Casualty Co.*, 681 F.Supp. 2d 748, 756 (E.D. La. Jan 13, 2010) (emphasis added).

Further, as set forth in *Girard v. Atlantic Mut. Ins. Co.,* the duties of the appraisers, when appointed under the provisions of the policy, are merely to ascertain the cash value and the extent of the insured's loss, and are proper and legal and do not fall into that class of arbitrations which undertake to oust the courts of their jurisdiction.[26] Indeed, the Supreme Court has specifically held such stipulations for an appraisal are valid, but that the estimation is not binding on the parties in the event the appraisers and umpire fail to discharge their duty of ascertaining the amount of the loss, as the appraisal is subject to scrutiny by the court.[27]

Courts have thus held that appraisal clauses, although not binding on the court, are ***enforceable*** under Louisiana law.[28] Again, an appraisal award issued under an insurance policy is binding if the appraisers "have performed the duties required of them by the policy, which is the law between the contracting parties."[29] Contractually specified appraisal awards are presumed accurate.[30] Thus, although the appraisal award is not binding pursuant to Policy language, it is enforceable in this matter. Here, plaintiff has presented no evidence to suggest that the appraisers failed to perform their required duties and/or that their integrity was otherwise suspect. Notably, the appraiser appointed by plaintiff signed the appraisal award, thus indicating his agreement with the amount awarded. As such, the Appraisal Award should be enforced by this Court and Defendant's Motion to Confirm granted.

---

[26] 198 So.2d 444 (La.App. 4 Cir. 1967). (emphasis added)
[27] *Id.*
[28] *Island Concepts, LLC v. Certain Underwriters at Lloyd's, London*, 13-6725, 2014 WL 5524379, at *4 (E.D. La. Oct. 31, 2014) (citing *St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F.Supp.2d 748, 753 (E.D. La.2010); *Newman v. Lexington Ins. Co.,* No. 06–4668, 2007 WL 1063578, at *2 (E.D.La. Apr. 4, 2007); *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 86–2267, 1988 WL 32938, at *8 (E.D.La. Apr. 6, 1988); *Sevier v. U.S.F. & G.*, 485 So.2d 132, 135–36 (La.Ct.App.1986), *rev'd on other grounds*, 497 So.2d 1380 (La.1986); *Girard v. Atlantic Mut. Ins. Co.*, 198 So.2d 444, 445–47 (La.Ct. App. 1967); *Martin v. Home Ins. Co*., 16 La.App. 216, 133 So. 773, 776 (1931)).
[29] *Island Concepts, LLC v. Certain Underwriters at Lloyd's, London,* CIV.A. 13-6725, 2014 WL 5524379, at *5 (E.D. La. Oct. 31, 2014) (citing *St. Charles Parish Hosp*., 681 F.Supp. at 754; *Prien Props., LLC v. Allstate Ins. Co*., No. 07–845, 2008 WL 1733591, at *2 (W.D. La. Apr. 14, 2008); *Fourchon Docks*, 1988 WL 32938, at *8.
[30] *Id*. (citing *In re Waters*, 93 F.2d 196, 200 (5th Cir.1937) (surveying cases from numerous jurisdictions to determine that "every reasonable intendment and presumption is in favor of an award of appraisers selected to determine the value of property lost")).

### III. The Standard Fire Policy contained in La. R.S. 22:1311(F)(2) is inseparable from the SafePoint policy.

Every policy that insures immovable property against the peril of fire is understood to be a "fire insurance policy," and Louisiana courts have held that a policy is inseparable from the Standard Fire Policy.[31] Therefore, because plaintiff's Policy insures property against the peril of fire, the Standard Fire Policy applies in the instant matter as an operation of law. Furthermore, the Standard Fire Policy, as set forth in La. R.S. 22:1311(F)(2), is part of the same contract as plaintiff's Policy.

The Standard Fire Policy's appraisal language is substantially similar to and contains the same process as the companion provision in the Policy. Indeed, the Louisiana Supreme Court has held that the "Standard Fire Policy provisions indicate that the legislature intended that this basic Standard Fire Policy could be employed for 'additional coverages or perils insured under endorsements attached' and to 'other perils,' that is, perils other than fire and lightning."[32] Based on these rulings, plaintiff's Policy is part of the same contract as the Standard Fire Policy, and the appraisal clause of La. R.S. 22:1311(F)(2) states that appraisal "shall determine" the amount of the loss.[33] The language in the Standard Fire Policy clearly means that appraisal determines – not merely suggests – the amount of the loss.[34] In the instant matter, the award signed by the appraisers represents the total amount of damage. Accordingly, the Standard Fire Policy applies, and the award sets the amount of the loss.

---

[31] See generally, *Grice v. Aetna Cas. & Sur. Co.*, 359 So.2d 1288 (La.1978); *Rodriguez v. Northwestern Nat. Ins. Co.*, 358 So.2d 1237 (La.1978); *Lee v. Travelers Fire Ins. Co.*, 219 La. 587, 53 So.2d 692 (1951); See also William Shelby McKenzie and H. Alston Johnson, III, *Insurance Law and Practice* §*10:28*, in 15 Louisiana Civil Law Treatise 1084 (4th ed. 2012).

[32] *Boh Bros, Const. Co., Inc. v. Board of Levee Com'rs of the Orleans Levee Dist.*, 550 So.2d 1258 (La. App. 4th Cir. 1989.) citing *Grice v, Aetna Cas. & Sur. Co.*, 359 So.2d 1288 (La.1978); *Doucette v. Louisiana Citizens Coastal Plan*, 12-52 (La.App,5 Cir. 5/22/12) 96 So.3d 1236; La. Civil Law Treatise, *Insurance Law and Practice*, Vol. 15, 4th ed., 2013-2014 Supplement, Section 10:28, n.13, See Exhibit 1, Marsha Smith Affidavit, and Exhibit A thereto, The certified copy of LCPIC Policy No. 880106 at Form CTZ-U-0187 (01/05).

[33] LSA-R.S. 22:1311 fire policy."

[34] *See* LSA-C.C.P. Art. 5053 ("The word 'shall' is mandatory, and the word 'may' is permissive).

### IV. Plaintiff cannot cherry-pick Appraisal Awards

Plaintiff posits that Safepoint included the "non-binding" Louisiana amendment because it had no intent to enforce appraisal. However, this is incorrect as a matter of law and fact.

The Policy language at issue received approval for use by the Louisiana Department of Insurance ("LDOI") and is in compliance with LDOI's directives. The October 5, 2020 version of Directive 173, which forced the non-binding language, was not intended to make Appraisal optional. Rather it was enacted to ensure that plaintiffs still had the ability to seek redress from the Courts, and to keep the provisions of Appraisal within the jurisdiction of the Courts. On January 25, 2022, the LDOI revised Directive 173 to ensure that the argument could no longer be made that Directive 173 prohibits an Appraisal Award from setting the amount of the loss. The current Directive is consistent with LSA-R.S. 22:1311 (F)(2) in that the appraisal award, "shall determine the amount of actual cash value and loss".[35]

Furthermore, Defendant has consistently invoked and paid Appraisal Awards – despite the amount of the Award. Specifically, undersigned counsel is unaware of any circumstance in which Safepoint sought to not pay an Appraisal Award by overturning it. Rather, Defendant has consistently relied upon the expertise and integrity of the appraisers – no matter the outcome.

Here, the Appraisal Award set the amount of the loss, and this Court may enforce it. It is a misuse of judicial resources to engage in an entirely new process to prove what both parties know to be the accurate amount of the damages. Notably, plaintiff accepted appraisal, and also accepted the appraisal payments. Now, however, plaintiff seeks to render the award unenforceable. Notably though, *no motion is before this Court seeking to overturn or nullify the Award*. Disregarding this significant procedural issue, plaintiff cannot carry its burden as established by law – that the integrity or honesty of the appraiser is suspect. As such, Defendant is entitled to its relief sought.

---

[35] Rec. Doc. 41-2.

    **V.**    **SafePoint cannot be found to have acted in bad faith for compliance with the appraisal provision in the SafePoint Policy and La. R.S. 22:1311(F)(2).**

As demonstrated previously, SafePoint timely invoked appraisal and timely tendered payment pursuant to the appraisal award. Accordingly, SafePoint cannot be held to be in violation of La. R.S. 22:1892 or 22:1973. Plaintiff's assertions that SafePoint has misrepresented the terms of the Policy and caused "harm by delaying resolution of the matter and forcing Lighthouse to continue fighting"[36] are without merit, as the law is clear that compliance with the appraisal process is not evidence of bad faith.[37] Plaintiff alleges that SafePoint is also in violation of La. R.S. 22:1973(B)(1) for misrepresenting the operative appraisal provision contained in the SafePoint policy as well as the appraisal provision's effect on this matter.[38] While it is true that undersigned counsel inadvertently included the incorrect appraisal provision in SafePoint's Motions, counsel for SafePoint included the proper appraisal provisions in SafePoint's demand for appraisal.[39] Thus, SafePoint has not misrepresented the appraisal provision of the SafePoint policy to plaintiff. As such, a genuine dispute as to any material facts does not exist. The Appraisal Award has set the amount of the loss, plaintiff has not produced any evidence suggesting that the honesty or integrity of the appraisers was suspect, SafePoint timely demanded appraisal and timely tendered payment pursuant to the appraisal award, and SafePoint did not act in bad faith by complying with the appraisal process to resolve the dispute as to the amount of the loss.

    **VI.**    **SafePoint has sufficiently established the fraud provision in the SafePoint Policy**

As more fully stated in Defendant's Motion for Summary Judgment, plaintiff procured and submitted exaggerated proof of losses. These exaggerations could only arise from the plaintiff itself making falsifications to its adjuster, and no reasonable juror could conclude that it was not

---

[36] *Id.*
[37] *See e.g.*, *Long v. American Sec. Ins. Co.*, 52 So.3d 260 (La. App. 4th Cir. 2010); *writ denied*, 57 So.3d 336 (La. 2011);
[38] Rec. Doc. 42.
[39] *See* Rec. Doc. 38-9.

intentional. The unrelated damages would be obvious to a layperson as they included destruction of the premises by residents, and the overall deterioration was, and still is, advertised on plaintiff's web site.

Plaintiff posits that it was unaware the damages were more than $50,000.00 when it initiated its fundraiser. However, plaintiff solicited these donations for an extended period of time on its website – not just in the immediate aftermath of the storm, and well after it received, submitted and sought over two million dollars from its insurer.

**VII. Conclusion**

SafePoint's Motion for Partial Summary Judgment, Summary Judgment, and Motion to Confirm Appraisal should be granted. Appraisal is a legally enforceable process by which the policy holder and carrier can definitively resolve disputes over the amount of a loss without the delays, costs, and technicalities of litigation. The award in this case complies with all Policy requirements and is therefore subject to enforceability. Plaintiff has not presented any evidence to suggest that the appraisers' honesty or integrity were suspect. Accordingly, the appraisal award is enforceable.

Furthermore, because SafePoint timely demanded appraisal and timely tendered payment pursuant to the appraisal award, SafePoint cannot be found to have acted in bad faith. Similarly, it is plaintiff's bad faith which precludes it from any additional recovery pursuant to the Material Misrepresentation portion of the Policy. Accordingly, Defendant's Motion for Partial Summary Judgment, the Motion to Confirm the Appraisal Award, and the Motion for Summary Judgment must be granted.

Respectfully submitted,

*/s/ Rachel L. Flarity*
**MATTHEW D. MONSON (25186)**
**JOHN C. HENRY (18948)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**KYLE C. MATTHIAS (38338)**
**PEYTON L. STEIN (39400)**
**NATHAN RYNE HAND (38011)**
**THE MONSON LAW FIRM, LLC**
5 Sanctuary Boulevard, Suite 101
Mandeville, Louisiana 70471
Telephone:	(985) 778-0678
Facsimile:	(985) 778-0682
Email: *Rachel@monsonfirm.com*
***Counsel for Safepoint Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participating parties. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participating parties.

*s/ Rachel L. Flarity*